# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LANDON SPEED,<br><br>    Plaintiff,<br><br>v.<br><br>JMA ENERGY COMPANY, LLC,<br><br>    Defendants. | Case No. CIV-17-006-RAW |

## ORDER

Before the court is Plaintiff's amended motion to remand [Docket No. 21]. Plaintiff filed a class action petition against JMA Energy Company, LLC (hereinafter "JMA") in the District Court of Hughes County on November 18, 2016, bringing claims based on JMA's alleged willful and ongoing violations of Oklahoma law related to payment of oil and gas production proceeds to well owners. Docket No. 2-1. JMA filed a notice of removal on January 4, 2017. Removal was based on the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§1332(d) and 1453.

Generally, diversity jurisdiction requires complete diversity of the parties pursuant to 28 U.S.C. §1332(a). CAFA replaces this requirement with one of "minimal diversity" as stated in 28 U.S.C. §1332(d)(2)(A). "Under CAFA, a federal district court has subject matter jurisdiction 'over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member).'" Dutcher v. Matheson, 840 F.3d 1183, 1190 (10th Cir. 2016) (quoting Coffey v.

Freeport McMoran Copper & Gold, 581 F.3d 1240, 1243 (10th Cir. 2009)).[1] "'Although CAFA's language favors federal jurisdiction over class actions, Congress did not give federal courts jurisdiction over *all* class actions,' as CAFA contains certain mandatory and discretionary exceptions." Mattingly v. Equal Energy, No. 10-CV-565-TCK-PJC, 2011 WL 3320822, *1 (N.D. Okla. Aug. 1, 2011) (quoting Coffee, 581 F.3d at 1262).

The only dispute before the court is the application of the "discretionary exception"[2] that "allows a federal court to decline to exercise jurisdiction over a class action that is otherwise covered by CAFA based on six enumerated factors."[3] Dutcher, 840 F.3d at 1194 (citing 28 U.S.C. §1332(d)(3)). The burden in this regard is on the plaintiff, as the party seeking remand. Id. at 1190. To qualify for consideration of these factors, Plaintiff must establish two prerequisites: (1) greater than one-third but less than two-thirds of the members of the proposed class are citizens of Oklahoma and (2) the primary defendants, are citizens of Oklahoma. Id. at 1194. The parties have stipulated to the first of these prerequisites. Docket No. 21-1. As to the second, JMA, the only defendant, is a citizen of Oklahoma. Once those prerequisites are

---

[1] The parties have stipulated to the second element. Docket No. 21-1. Plaintiff has not raised a factual dispute over the first element. See Docket No. 2, at 3-4. Similarly, plaintiffs have not challenged the statements in the Notice of Removal as to the third element. See Docket No. 2, at 4-6. The court finds the three jurisdictional elements have been established by a preponderance of the evidence.

[2] This is in contrast to the two "mandatory exceptions" set forth in 28 U.S.C. §1332(d)(4)(A) & (B).

[3] These factors include: "(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. §1132(d)(3)(A)-(F).

satisfied, as they are here, Plaintiff need not satisfy all six factors of section 1332(d)(3); rather, "a balancing test should be applied, taking into consideration the 'totality of the circumstances.'" Mattingly, 2011 WL 3320822 at *2. The court will address each factor in turn.[5]

Regarding the first factor, the Fifth Circuit states "the terms local and national connote whether the interests of justice would be violated by a state court exercising jurisdiction over a large number of out-of-state citizens and applying the laws of other states." Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc., 485 F.3d 804, 822 (5th Cir.2007). In this court's view, such a concern is not present in the case at bar.

In a case similar to the one now before the court where the defendants were citizens of Oklahoma and had their principal place of business in Oklahoma, the acts giving rise to the plaintiffs' claims occurred in Oklahoma, and the subject oil and gas wells were all located in Oklahoma, the court found that the first factor weighed in favor of remand. Mattingly, 2011 WL 3320822 at *3. See also Gibson v. Continental Resources, Inc., No. CIV-15-611-M, 2016 WL 4083652, at *2 (W.D. Okla. Jan. 28, 2016) (finding the alleged "ordinary state law claims" did not "invoke any type of national interest."). Here, all of the subject oil and gas wells are located in Oklahoma, all class members own interests in the subject Oklahoma wells, Plaintiff is an Oklahoma citizen (along with 48.46% of the class), JMA is an Oklahoma citizen with its principal place of business in Oklahoma, the business activities that gave rise to this case occurred in Oklahoma, and the claims are based upon Oklahoma law. Docket No. 21, at 4; Docket No. 23, at 2.

JMA argues that the first factor's focus is not necessarily application of law, but rather the national *interest* in the sense of the interests of the national and domestic oil and gas industry,

---

[5]"[N]o anti-removal presumption attends cases invoking CAFA." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

3

as well as to royalty owners throughout the United States. JMA also argues that other jurisdictions consider the rulings of Oklahoma courts in determining their own oil and gas rules and laws. The court is not persuaded. One court may always "consider" the ruling of another court, but this does not create a national interest. The Fifth Circuit, in upholding a remand regarding a class action arising out of Hurricane Katrina, observed: "Just because the nation takes interest in Hurricane Katrina does not mean that the legal claims at issue in this class action lawsuit qualify as national or interstate interest." Preston, 485 F.3d at 822. This factor weighs in Plaintiff's favor.

As to the second factor, Plaintiff asserts he only bring claims under Oklahoma law, the State where the action was originally filed. In response, JMA contends the claims are likely to be governed by the laws of multiple states, not the laws of Oklahoma only. The court in Mattingly found that it was "without sufficient information, at this stage of the proceedings, to conduct a complete choice of law analysis." Mattingly, 2011 WL 3320822, at *3. Therefore, the court found the factor was "neutral." Id.

This approach reflects a difficulty in the application of this factor. A motion to remand will always be presented at an early stage, and therefore a conflict of law analysis appearing premature might always result in finding the factor "neutral." It would seem the court must make the best determination it can based on the present record. This court notes, as did the Mattingly court, that the decision by the Oklahoma Supreme Court in Weber v. Mobil Oil Co., 243 P.3d 1 (Okla. 2010), concludes that Oklahoma law would govern class members' fraud claims even though some members were citizens of other states. Mattingly, 2011 WL 3320822, at *3 (citing Weber, 243 P.3d at 6).

JMA also suggests possible implication of federal law, but not definitively and only tangentially. One treatise notes that "[c]ourts have generally held that the second factor . . . can weigh in favor of remand even if other claims (including claims under federal statutes or the laws of other states) are involved in the suit." William B. Rubenstein, Newberg on Class Actions § 6:21 (5th ed. 2017). The court finds the second factor also slightly weighs in favor of the Plaintiff.

Next, the court inquires whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction.[7] JMA asserts that it was, as demonstrated by the state court petition (1) excluding public traded companies and their affiliated entities that produce, gather, process, or market gas and (2) suing only Oklahoma citizens as defendants, despite the possibility of including other, diverse defendants. Again, the court is not persuaded. This factor "evaluates whether the proposed class encompasses all of the potential class members and claims that would be expected to be included in the class action." Buck v. Metro-Goldwyn-Mayer Studios Inc., No. CV 14-03637 DDP, 2014 WL 3510151, at *3 (C.D. Cal. July 14, 2014). "'If the plaintiff proposed a natural class – a class that encompasses all of the people and claims that one would expect to include in a class action,' or, in other words, the 'class definition and claims appear to follow a natural pattern,' Factor C would weigh in favor of the federal court remanding the complaint." Id. The court finds that Plaintiff proposed a natural class.[8] The court finds this factor weighs in favor of remand.

---

[7]The burden as to the factors is on Plaintiff, but under the language of this factor, it seems JMA must make at least a preliminary showing.

[8]To the extent this factor necessitates some inquiry into the "intent" of plaintiffs' counsel, the reply notes other class action royalty cases filed recently and directly in federal court by the same counsel. Docket No. 23, at 7.

The fourth factor addresses the forum's nexus to class members, alleged harm, or defendants. Under similar facts, the Mattingly court stated:

> This action relates to interests in real property located in Oklahoma and the proposed class members all own interests in such Oklahoma property. The proposed class members therefore have a strong connection to Oklahoma even if they are not all Oklahoma residents. Further, Defendants are citizens of Oklahoma, and the underlying actions giving rise to this suit took place in Oklahoma. In light of these facts, the Court concludes that a distinct nexus exists between Oklahoma and the class members, the alleged harm, and Defendants.

Mattingly, 2011 Wl 3320822, at *4. This court agrees with this analysis as to the case at bar.

JMA disagrees with Mattingly, and puts forth the construction that the forum referred to in the statute is not the state, but the specific county in which the action is filed. This argument is against the weight of authority[9] and (if adopted) would appear to make the factor virtually unworkable, or to almost always find the factor weigh in favor of federal jurisdiction. The CAFA analysis involves federalism, the relationship between federal courts and state courts. This is indicated by reference in other §1332(d)(3) factors to "other States." Thus, any county court in Oklahoma is viewed as an "Oklahoma state court" for purposes of the forum analysis. So long as *venue* is appropriate in Pittsburg County for the state court petition, which is a question of state law, the specific county is irrelevant for present purposes. Again, the court finds this factor weighs in favor of remand.

The fifth factor considers the number of Oklahoma citizens in the proposed class compared to other states, as well as dispersal of class members. The chart presented to the court indicates that Oklahoma citizens make up 48.46% of the proposed class and that the number of Oklahoma citizens is larger than the number of citizens from any other state by a factor of nearly

---

[9]The court in Gibson did state that the forum with a distinct nexus was "the District Court of Blaine County, State of Oklahoma." Gibson, 2016 WL 4083652, at *2. It does not appear the court's decision would have differed if it viewed the State of Oklahoma as the pertinent statutory nexus.

6

2.5 times. Docket No. 21, 7. JMA does not dispute the percentages given by Plaintiff, but argues that less than half of the proposed class members are Oklahoma citizens, that in excess of five percent reside in two other states and more than four percent reside in another.

The court again is not persuaded. There is indeed considerable disparity among other states, but in relatively small percentages. The purpose of this factor is to further ensure that the forum state's connection is substantially greater than that of any other state's connection. See Scott v. Cerner Corp., No. 4:15-CV-00326-SRB, 2015 WL 5227431, *5 (W.D. Mo. Sept. 8, 2015). The court finds that Oklahoma's connection to this litigation is substantially greater than is that of any other state. Plaintiff has satisfied this factor.

Finally, there is no dispute as to the final factor, i.e., during the three-year period preceding the filing of this class action there has not been filed a class action asserting the same or similar claims on behalf of the same or other people.

It is, therefore, the order of the court that Plaintiff's amended motion to remand [Docket No. 21] is hereby GRANTED. Although federal jurisdiction exists pursuant to 28 U.S.C. §1332(d)(2), the court exercises its discretion to decline jurisdiction over the case pursuant to the "interests of justice" exception in 28 U.S.C. §1332(d)(3). Accordingly, this action is remanded to the District Court of Hughes County, State of Oklahoma.

**IT IS SO ORDERED** this 13th day of June, 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma